# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **THL Holding Company, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:23-cv-00548-DAE** |
| | § | |
| **Apple Inc.,** | § | |
| *Defendant* | § | |

## CLAIM CONSTRUCTION ORDER

Now before the Court are the parties' opening claim construction briefs, filed December 5, 2025 (Dkts. 76, 77), and their response briefs, filed December 19, 2025 (Dkts. 78, 79).

This Magistrate Judge held a *Markman* hearing on February 25, 2026 at which both parties appeared through counsel and now enters this order on claim construction.

## I.    Background

Plaintiff THL Holding Company, LLC alleged that Defendant Apple Inc. infringed three of THL's patents by copying its BIKN technology for Apple's AirTags, iPhones, and other goods. Dkt. 1. The Court stayed the case for inter partes review before the U.S. Patent and Trademark Office Patent Trial and Appeal Board (Dkt. 52), which held invalid all asserted claims of U.S. Patent Nos. 11,265,680 and 11,350,246 but did not institute review on the challenged claims of U.S. Patent No. 8,768,381 ("'381 Patent"). Claims 1 and 7-9 of the '381 Patent remain for trial.

The parties present two disputes concerning terms in claim 1 of the '381 Patent, "a graphical user interface that generates a pairing signal," summarized below.

| Disputed Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "generates" | plain and ordinary meaning | "originates or produces the [pairing] signal" |
| "a pairing signal" | "a signal to initiate a wireless device pairing sequence" | "a signal sent between devices to initiate a pairing sequence" |

1

## II.    Legal Standards

Claim terms generally are given their plain and ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc). The plain and ordinary meaning of a term is the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Id.* at 1313. The only two exceptions to this general rule are when the patentee acts as their own lexicographer or disavows the full scope of the claim term either in the specification or during prosecution. *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

A construction of "plain and ordinary meaning" may be inadequate when a term has more than one "ordinary" meaning or when reliance on a term's "ordinary" meaning does not resolve the parties' dispute. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008). In that case, the Court must "determine what claim scope is appropriate in the context of the patents-in-suit." *Id.* Extrinsic evidence can be useful but is "less significant than the intrinsic record in determining 'the legally operative meaning of claim language.'" *Phillips*, 415 F.3d at 1317 (quoting *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 862 (Fed. Cir. 2004)).

## III.    Disputed Terms

### A. "Generates"

First, the parties dispute construction of "generates" in "a graphical user interface that generates a pairing signal." THL argues that the word should be given its plain and ordinary meaning, while Apple contends that it should be construed as "originates or produces the [pairing] signal." This dispute arises from the parties' disagreement whether the processor can support generation of the claimed pairing signal, as THL contends, or the graphical user interface alone must originate or produce the pairing signal. THL argues that there is no legal basis to exclude the processor from supporting the functions.

At the hearing, Apple argued that "originates or produces" has the same meaning as "generates" and that its proposed construction is more precise. THL argued that "generates" appears in the '381 Patent more than a dozen times but "produces" appears only once, in an unrelated way, and "originates" is not used at all.

The Court agrees with THL that the plain and ordinary meaning of "generates" is adequate in the context of the intrinsic evidence. *O2 Micro*, 521 F.3d at 1361. There is no basis in the '381 Patent for substituting Apple's proposed synonyms "originates or produces," which may improperly narrow claim 1 by adding a negative limitation without intrinsic basis. *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003). The Court accords "generates" its plain and ordinary meaning.

## B. "A pairing signal"

THL contends that the Court should construe "a pairing signal" as "a signal to initiate a wireless device pairing sequence," while Apple argues that it should be construed as "a signal sent between devices to initiate a pairing sequence."

THL argues that the "pairing signal" is not a signal sent "between devices"; instead, (1) it is RF (radio frequency) signals that are sent between devices, while (2) the pairing signal may be internal to the wireless device. Apple contends that it is the pairing signal that is sent to a transceiver, which converts it into an RF signal (electromagnetic waves) sent between devices to initiate a pairing sequence. Dkt. 79 at 8.

Both parties cite this language in claim 1:

> In pairing, one or both devices 70 and 72 initiate the pairing procedure. For example, a user interface, such as user interface 132 or 142 generates *a pairing signal* in response to an indication from a user to pair the devices. A short-range wireless transceiver, such as short-range wireless transceiver 130 or 140, communicates *RF signals, such as pairing signals 116 to pair the devices 70 and 72*.

'381 Patent at 15:11-17, Dkt. 77-1 at 32 (emphasis added). Apple also relies on Fig. 16 showing

pairing signals sent between devices:



**FIG. 16**

'381 Patent, Dkt. 77-1 at 11.

For its first argument, THL relies on this language of claim 1:

What is claimed is:

1. A wireless device for locating at least one remote object, the wireless device comprising:

> a graphical user interface that ***generates a pairing signal*** in response to a first indication from a user to pair the wireless device to at least one remote device and generates a first location request signal in response to a second indication from a user to locate the at least one remote device; and

> ***a short-range wireless transceiver, coupled to the graphical user interface, that responds to the pairing signal generated by the graphical user interface by communicating RF signals to pair the wireless device to the at least one remote device*** and that transmits a first RF paging signal to the at least one remote device in response to the first location request signal and that receives a location signal from the at least one remote device . . . .

'381 Patent at 36:23-39, Dkt. 77-1 at 42 (emphasis added).

In support of its second argument, THL cites the embodiment on the right below in Figure 5

of the '381 Patent:



**FIG. 5**

'381 Patent, Dkt. 77-1 at 6.

The Court finds that the specification supports THL's arguments that the pairing signal may be internal, as shown in the embodiment above, and need not be limited to signals sent between devices. As THL contends, if the pairing signal were only the signal sent between devices to initiate pairing, as Apple proposes, the claimed RF signal (and transceiver) would be superfluous. Dkt. 78 at 12 (citing *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F. 3d 776, 781 (Fed. Cir. 2010) (stating that patent claim notice function "would be undermined, however, if courts construed claims so as to render physical structures and characteristics specifically described in those claims superfluous")). The Court construes "a pairing signal" as "a signal to initiate a wireless device pairing sequence."

## IV.    Conclusion

The Court adopts the below constructions as its final constructions.

| Disputed Claim Term | Court's Construction |
|---|---|
| "a pairing signal" | "a signal to initiate a wireless device pairing sequence" |
| "generates" | plain and ordinary meaning |

5

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 3, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE