# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **THL HOLDING COMPANY, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **Case No. 1:23-CV-00548-DAE** |
| **APPLE, INC.,** | § | |
| *Defendant* | § | |

## ORDER

Now before the Court are Defendant Apple Inc.'s Opposed Motion for Protective Order, filed May 21, 2026 (Dkt. 95); Plaintiff THL Holding Company, LLC's Corrected Response, filed June 5, 2026 (Dkt. 99); and Defendant's Reply, filed June 11, 2026 (Dkt. 101).[1] On July 10, 2026, the Court held a hearing on the motion at which both parties appeared through counsel.

### I.    Background

Plaintiff THL Holding Company, LLC alleged that Defendant Apple Inc. infringed three of THL's patents by copying its BIKN technology for Apple's AirTags, iPhones, and other goods. Dkt. 1. The Court's scheduling order provides: "Plaintiff shall serve its Disclosure of Asserted Claims and Infringement Contentions" by May 30, 2023. Dkt. 26 ¶ 2. THL timely filed its contentions asserting claims of three patents on May 30, 2023. Dkt. 95-3. All claims in two of those patents later were disclaimed by THL or invalidated on *inter partes* review by the United States Patent and Trademark Office Patent Trial and Appeal Board. Dkt. 66 at 2. Remaining for trial are asserted claims 1 and 7-9 of U.S. Patent No. 8,768,381 ("'381 Patent"). *Id.*

---

[1] By Text Order entered May 22, 2026, the Honorable David A. Ezra referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas.

The only products accused of infringing claims of the '381 Patent in THL's original infringement contentions are the Mac Pro desktop computer and AirPods Pro 2. Dkt. 95-3 at 110-18. On September 18, 2025, two years after the deadline, THL served "supplemental" infringement contentions, which Apple contends replaced the original contentions "wholesale." Dkt. 95 at 2. In the supplemental contentions, THL accuses the AirTag and several models of the iPhone of infringing the '381 Patent. THL states that it dropped its infringement claims against the Mac Pro because discovery revealed it did not infringe the '381 Patent. Dkt. 99 at 5.

Apple objected to the supplemental contentions, but did not move to strike them. THL did not move to amend its infringement contentions and contends that it was not required to do so, but now seeks leave as an alternative argument in response to Apple's motion for protective order. Under the operative Amended Scheduling Order, fact discovery closed June 16, 2026. Dkt. 104. The deadline to complete noticed depositions, including THL's 30(b)(6) deposition of Apple, is 30 days after this Order, while dispositive motions are due in just over four months. *Id*.

## II.   Analysis

Under Rule 16(b)(4), once a scheduling order has been entered, it may be modified only for good cause and with the court's consent. *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). When evaluating whether a movant has shown good cause, courts consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir 2003) (citation omitted).

The Court finds that the second factor favors permitting amendment. THL argues that denying leave to amend its infringement contentions to assert claims against the iPhone "would be dispositive as no other patent is asserted and no other Apple device is accused of infringing the '381 Patent." Dkt. 99 at 11.

All other factors strongly favor denying leave. First, THL explains that its amended contentions are based on Apple's confidential document production, but offers no persuasive explanation why it did not *timely* move to amend, instead waiting nine months to seek leave in response to Apple's motion for protective order. THL has not shown that it sought leave to supplement its infringement contentions diligently. *Fahim*, 551 F.3d at 248.

Under the third factor, Apple has shown prejudice, asserting: "Throughout the case, discovery was limited by THL's choice to accuse only the Mac Pro and certain AirPods models of infringing the '381 Patent. Apple structured its discovery collection, technical investigation, witness preparation, and third-party discovery strategy around what THL accused in the operative infringement contentions." Dkt. 95 at 6 (citation omitted). Apple has produced no discovery on the new products in the supplemental contentions, including iPhone models 15-17. Dkt. 101 at 4. Finally, even if a trial continuance is available under the fourth factor, Apple persuasively argues that permitting amendment at this stage of the case – which has been pending more than three years – would require reopening fact discovery and claim construction.

THL did not seek leave, and the Court finds that it has not shown good cause to amend its infringement contentions. *Via Vadis, LLC v. Blizzard Ent., Inc.*, No. 1:14-CV-810-LY, 2021 WL 9909457, at *2 (W.D. Tex. Apr. 27, 2021). THL's infringement contentions remain those served May 30, 2023.

### III.    Order

For these reasons and any others stated from the bench during the hearing, the Court **GRANTS** Apple Inc.'s Opposed Motion for Protective Order (Dkt. 95) and limits the scope of THL's noticed Rule 30(b)(6) deposition topic Nos. 7, 9-11, 15-16, and 19-21 to the Mac Pro and AirPods Pro 2 models, which were accused of infringing the '381 Patent in THL's May 30, 2023 Infringement Contentions.

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on July 10, 2026.

                _____

                SUSAN HIGHTOWER
                UNITED STATES MAGISTRATE JUDGE